FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2021 SEP 10  PM 3:41

OFFICE OF THE CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> JOHN J. WOODS, ET AL., <br><br> Defendants. | 8:21mc267 <br><br> Civil Action No. 1:21-cv-3413-SDG |

## ORDER APPOINTING RECEIVER

**WHEREAS** this matter has come before this Court upon motion of the

Plaintiff U.S. Securities and Exchange Commission ("SEC", "Commission" or

"Plaintiff") to appoint a receiver in the above-captioned action; and,

**WHEREAS** the Court finds that, based on the record in these proceedings,

the appointment of a receiver in this action is necessary and appropriate for the

purposes of marshaling and preserving all assets of Defendant Horizon Private

Equity, III, LLC and the ownership interest that Defendant John J. Woods has in

the following assets:  (i) Livingston Asset Management Company d/b/a Southport

Capital and its holding company, Livingston Southport Investors, LLC, (ii)

Lakewood Ranch Risk Management LLC d/b/a Southport Capital Risk

## EXHIBIT B

Management, and (iii) Chattanooga Professional Baseball, LLC (the "Woods

Assets"). Collectively, Horizon Private Equity, III, LLC's assets and the Woods

Assets are referred to herein as, the "Receivership Assets"; and,

**WHEREAS** this Court has subject matter jurisdiction over this action and

personal jurisdiction over the Defendants John J. Woods and Horizon Private

Equity, III, LLC, and venue properly lies in this district.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND
DECREED THAT:**

1.      This Court hereby takes exclusive jurisdiction and possession of the

Receivership Assets. Horizon Private Equity, III, LLC shall be referred to as a

"Receivership Defendant". Although John J. Woods is not a Receivership

Defendant, the Receiver shall stand in the place of Defendant Woods, and shall

have all of the powers and authorities described below, with respect to his

ownership interest of the Woods Assets. Nothing in this Order shall be construed

to authorize the Receiver to exercise managerial authority over the Woods Assets.

2.      Until further Order of this Court, A. Cotton Wright of the law firm

Grier Wright and Martinez PA is hereby appointed to serve without bond as

receiver (the "Receiver") for the estate of the Receivership Defendant.

## I. <u>Asset Freeze</u>

3.      Except as otherwise specified herein, all Receivership Assets are frozen until further order of this Court. Accordingly, all persons and entities with direct or indirect control over any Receivership Assets, other than the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing such assets. This freeze shall include, but not be limited to, Receivership Assets that are on deposit with financial institutions such as banks, brokerage firms and mutual funds. Notwithstanding any other provision of this Order, to the extent that any asset governed by this Order is an ownership interest in a company, partnership, or other entity (other than the Receivership Defendant), or accounts holding funds of such company, partnership, or other entity, this Order shall not prohibit or restrain the day-to-day operations or transactions (including crediting and debiting of funds in bank accounts in furtherance of such operations) of such company, partnership, or other entity, and only prohibits the disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal of the restrained ownership interest without the approval of the Receiver; provided, however, that Defendant Woods may not directly or indirectly be involved in any such transactions.

**EXHIBIT B**
Page 3 of 28

## II. <u>General Powers and Duties of Receiver</u>

4.      The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the Receivership Defendant, and of John J. Woods with respect to the Woods Assets, under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Federal Rule of Civil Procedure 66.

5.      The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of Horizon Private Equity, III, LLC are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended.  Such persons and entities shall have no authority with respect to Horizon Private Equity, III, LLC's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver.  The Receiver shall assume and control the operation of Horizon Private Equity, III, LLC and shall pursue and preserve all of their claims.

6.      No person holding or claiming any position of any sort with the Receivership Defendant shall possess any authority to act by or on behalf of the Receivership Defendant.  John J. Woods shall have no authority of any kind with

respect to the Woods Assets.

7.      Subject to the specific provisions in Sections III through XIV, below,

the Receiver shall have the following general powers and duties:

  A.     To use reasonable efforts to determine the nature, location and value of all Receivership Assets, including, but not limited to, the Woods Assets and monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Defendant owns, possesses, has a beneficial interest in, or control directly or indirectly ("Receivership Property" or the "Receivership Estate");

  B.     To take custody, control and possession of all Receivership Property and records relevant thereto from the Receivership Defendant, and John J. Woods with respect to the Woods Assets; to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto;

  C.     To manage, control, operate and maintain the Receivership Estate and hold in his or her possession, custody and control all Receivership Property, pending further Order of this Court;

  D.     To use Receivership Property for the benefit of the Receivership Estate, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his or her duties as Receiver;

  E.     To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees and agents of the Receivership Defendant, or by John J. Woods with respect to the Woods Assets;

**EXHIBIT B**
Page 5 of 28

F.   To engage and employ persons in his or her discretion to assist him or her in carrying out his or her duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers;

G.   To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

H.   The Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

I.   To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his or her duties as Receiver;

J.   To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estate; and,

K.   To take such other action as may be approved by this Court.

### III.  Access to Information

8.   The Receivership Defendant and its past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants and employees, as well as those acting in its place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Defendant and/or all Receivership Property; such information shall include but not be limited to books,

**EXHIBIT B**
Page 6 of 28

records, documents, accounts and all other instruments and papers.

9.      John J. Woods is hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information relating to the Woods Assets; such information shall include but not be limited to books, records, documents, accounts and all other instruments and papers.

10.     Within thirty (30) days of the entry of this Order, Horizon Private Equity, III, LLC shall provide to the Receiver and the Commission copies of its federal income tax returns for 2008 to the present with all relevant and necessary underlying documentation.

11.     The Receivership Defendant's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Defendant, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Defendant, subject to the Federal Rules of Civil Procedure and the United States Constitution.

12.     In the event that the Receiver deems it necessary to require the

**EXHIBIT B**
Page 7 of 28

appearance of any person for the purpose of answering questions as set forth in Paragraph 11 above, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

13.    To issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure, Constitution, and applicable Local Rules, except for the provisions of Fed. R. Civ. P. 26(d)(1), concerning any subject matter within the powers and duties granted by this Order.

14.    The Receivership Defendant, and John J. Woods with respect to the Woods Assets, are required to assist the Receiver in fulfilling his or her duties and obligations.  As such, they must make reasonable efforts to respond promptly and truthfully to all requests for information and documents from the Receiver, subject to the limitations above.

### IV.  Access to Books, Records and Accounts

15.    The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Receivership Defendant and the Woods Assets.  All persons and entities having control, custody or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

**EXHIBIT B**
Page 8 of 28

16.    The Receivership Defendant, its agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Defendant, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business, books, records, accounts or assets of the Receivership Defendant are hereby directed to deliver the same to the Receiver, his or her agents and/or employees.  Any person receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business, books, records, accounts or assets of John J. Woods with respect to the Woods Assets is hereby directed to deliver the same to the Receiver, his or her agents and/or employees.

17.    All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, the Receivership Defendant that receive actual notice of this Order by personal service, facsimile transmission or otherwise shall:

    A.    Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendant except upon instructions from the Receiver;

    B.    Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this

**EXHIBIT B**

Court; and

C.     Cooperate expeditiously in providing information and
       transferring funds, assets and accounts to the Receiver or at the
       direction of the Receiver.

## V. <u>Access to Real and Personal Property</u>

18.     Horizon Private Equity III, LLC's former officers, directors,

members, and other agents shall deliver to the Receiver all personal property of the

Receivership Defendant, wherever located, including but not limited to

electronically stored information, computers, laptops, hard drives, external storage

drives, and any other such memory, media or electronic storage devices, books,

papers, data processing records, evidence of indebtedness, bank records and

accounts, savings records and accounts, brokerage records and accounts,

certificates of deposit, stocks, bonds, debentures, and other securities and

investments, contracts, mortgages, furniture, office supplies and equipment, but

shall be afforded sixty (60) days to segregate and remove material protected by or

subject to any personal attorney-client or other privilege, protection, or

Constitutional right recognized by federal courts, subject to Paragraph 67 below.

19.     The Receiver is authorized to take immediate possession of all real

property of the Receivership Defendant, wherever located, including but not

limited to all ownership and leasehold interests and fixtures.  Upon receiving actual

## EXHIBIT B

notice of this Order by personal service, facsimile transmission or otherwise, all

persons other than law enforcement officials acting within the course and scope of

their official duties, are (without the express written permission of the Receiver)

prohibited from: (a) entering such premises; (b) removing anything from such

premises; or, (c) destroying, concealing or erasing anything on such premises.

20.    In order to execute the express and implied terms of this Order, the

Receiver is authorized to change door locks to the premises described above.  The

Receiver shall have exclusive control of the keys.  The Receivership Defendant, or

any other person acting or purporting to act on its behalf, is ordered not to change

the locks in any manner, nor to have duplicate keys made, nor shall they have keys

in their possession during the term of the receivership.

21.    The Receiver is authorized to open all mail directed to or received by

or at the offices or post office boxes of the Receivership Defendant, and to inspect

all mail opened prior to the entry of this Order, to determine whether items or

information therein fall within the mandates of this Order.  The Receiver is

authorized to open all mail directed to John J. Woods related to his ownership of

the Woods Assets.

22.    Upon the request of the Receiver, the United States Marshals Service,

in any judicial district, is hereby ordered to assist the Receiver in carrying out his

**EXHIBIT B**
Page 11 of 28

or her duties to take possession, custody and control of, or identify the location of, any assets, records or other materials belonging to the Receivership Estate.

## VI. **Notice to Third Parties**

23.     The Receiver shall promptly give notice of his or her appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of the Receivership Defendant; Livingston Asset Management Company d/b/a Southport Capital and its holding company, Livingston Southport Investors, LLC; Lakewood Ranch Risk Management LLC d/b/a Southport Capital Risk Management; and Chattanooga Professional Baseball, LLC; as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

24.     All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to the Receivership Defendant or the Woods Assets shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Defendant or John J. Woods had received such payment.

25.     In furtherance of his or her responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity

or government office that he deems appropriate to inform them of the status of this

matter and/or the financial condition of the Receivership Estate. All government

offices which maintain public files of security interests in real and personal

property shall, consistent with such office's applicable procedures, record this

Order upon the request of the Receiver or the SEC.

26.    The Receiver is authorized to instruct the United States Postmaster to

hold and/or reroute mail that is related, directly or indirectly, to the business,

operations or activities of the Receivership Defendant or the Woods Assets (the

"Receiver's Mail"), including all mail addressed to, or for the benefit of, the

Receivership Defendant. The Postmaster shall not comply with, and shall

immediately report to the Receiver, any change of address or other instruction

given by anyone other than the Receiver concerning the Receiver's Mail. All

personal mail of any past and/or present individual officers, directors, agents,

attorneys, managers, shareholders, employees, accountants, debtors, creditors,

managers and general and limited partners of the Receivership Defendant, and/or

any mail appearing to contain privileged information, and/or any mail not falling

within the mandate of the Receiver, shall be released to the named addressee by the

Receiver. The foregoing instructions shall apply to any proprietor, whether

individual or entity, of any private mail box, depository, business or service, or

mail courier or delivery service, hired, rented or used by the Receivership

Defendant. The Receivership Defendant shall not open a new mailbox, or take any

steps or make any arrangements to receive mail in contravention of this Order,

whether through the U.S. mail, a private mail depository or courier service.

27.    Subject to payment for services provided, any entity furnishing water,

electric, telephone, sewage, garbage or trash removal services to the Receivership

Defendant shall maintain such service and transfer any such accounts to the

Receiver unless instructed to the contrary by the Receiver.

28.    The Receiver is authorized to assert, prosecute and/or negotiate any

claim under any insurance policy held by or issued on behalf of the Receivership

Defendant, or its officers, directors, agents, employees or trustees, and to take any

and all appropriate steps in connection with such policies.

## VII.  Injunction Against Interference with Receiver

29.    The Receivership Defendant and all persons receiving notice of this

Order by personal service, facsimile or otherwise, are hereby restrained and

enjoined from directly or indirectly taking any action or causing any action to be

taken, without the express written agreement of the Receiver, which would:

>    A.    Interfere with the Receiver's efforts to take control, possession,
>          or management of any Receivership Property; such prohibited
>          actions include but are not limited to, using self-help or
>          executing or issuing or causing the execution or issuance of any

**EXHIBIT B**
Page 14 of 28

court attachment, subpoena, replevin, execution, or other
process for the purpose of impounding or taking possession of
or interfering with or creating or enforcing a lien upon any
Receivership Property or other property or accounts that could
impair the value of any Receivership Property;

B.  Hinder, obstruct or otherwise interfere with the Receiver in the
performance of his or her duties; such prohibited actions
include but are not limited to, concealing, destroying or altering
records or information;

C.  Dissipate or otherwise diminish the value of any Receivership
Property; such prohibited actions include but are not limited to,
releasing claims or disposing, transferring, exchanging,
assigning or in any way conveying any Receivership Property,
enforcing judgments, assessments or claims against any
Receivership Property or the Receivership Defendant or other
property or accounts that could impair the value of any
Receivership Property, attempting to modify, cancel, terminate,
call, extinguish, revoke or accelerate (the due date), of any
lease, loan, mortgage, indebtedness, security agreement,
guarantee, or other agreement executed by the Receivership
Defendant or which otherwise affects any Receivership
Property; or,

D.  Interfere with or harass the Receiver, or interfere in any manner
with the exclusive jurisdiction of this Court over the
Receivership Estate.

30.   The Receivership Defendant and John J. Woods shall cooperate with

and assist the Receiver in the performance of his or her duties.

31.   The Receiver shall promptly notify the Court and SEC counsel of any

failure or apparent failure of any person or entity to comply in any way with the

**EXHIBIT B**
Page 15 of 28

terms of this Order.

## VIII.  **Stay of Litigation**

32.     As set forth in detail below, the following proceedings, excluding the

instant proceeding and all police or regulatory actions and actions of the

Commission related to the above-captioned enforcement action, are stayed until

further Order of this Court:

> All civil legal proceedings or collection efforts of any nature, including, but
> not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure
> actions, default proceedings or other steps based on an assertion of default of
> any loan agreement, covenant, guarantee or similar instrument or contractual
> right, attachment, exercising a right to setoff, or other actions of any nature
> involving: (a) the Receiver, in his or her capacity as Receiver; (b) any
> Receivership Property, wherever located; (c) the Receivership Defendant,
> including subsidiaries and partnerships; or (d) any of the Receivership
> Defendant's past or present officers, directors, managers, agents, or general
> or limited partners sued for, or in connection with, any action taken by them
> while acting in such capacity of any nature, whether as plaintiff, defendant,
> third-party plaintiff, third-party defendant, or otherwise (such proceedings
> are hereinafter referred to as "Ancillary Proceedings").

33.     The parties to any and all Ancillary Proceedings are enjoined from

commencing or continuing any such legal proceeding, or from taking any action, in

connection with any such proceeding, including, but not limited to, the issuance or

employment of process.

34.     All Ancillary Proceedings are stayed in their entirety, and all Courts

having any jurisdiction thereof are enjoined from taking or permitting any action

**EXHIBIT B**

until further Order of this Court.  Further, as to a cause of action accrued or

accruing in favor of the Receivership Defendant against a third person or party,

any applicable statute of limitation is tolled during the period in which this

injunction against commencement of legal proceedings is in effect as to that cause

of action.

### IX.  Managing Assets

35.    The Receiver shall establish one or more custodial accounts at a

federally insured bank to receive and hold all cash equivalent Receivership

Property (the "Receivership Funds").

36.    The Receiver's deposit account shall be entitled "Receiver's Account,

Estate of Horizon Private Equity, III, LLC" together with the name of the action.

37.    The Receiver may, without further Order of this Court, transfer,

compromise, or otherwise dispose of any Receivership Property, other than real

estate, in the ordinary course of business, on terms and in the manner the Receiver

deems most beneficial to the Receivership Estate, and with due regard to the

realization of the true and proper value of such Receivership Property.

38.    Subject to Paragraph 39, immediately below, the Receiver is

authorized to locate, list for sale or lease, engage a broker for sale or lease, cause

the sale or lease, and take all necessary and reasonable actions to cause the sale or

lease of all real property in the Receivership Estate, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.

39.     Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estate.

40.     The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estate, including making legally required payments to creditors, employees, and agents of the Receivership Estate and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

41.     The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations, when applicable, whether proposed, temporary or final, or pronouncements thereunder, including the filing of the elections and statements contemplated by those provisions.  The Receiver shall be designated the administrator of the

Settlement Fund, pursuant to Treas. Reg. § 1.468B-2(k)(3)(i), and shall satisfy the

administrative requirements imposed by Treas. Reg. § 1.468B-2, including but not

limited to (a) obtaining a taxpayer identification number, (b) timely filing

applicable federal, state, and local tax returns and paying taxes reported thereon,

and (c) satisfying any information, reporting or withholding requirements imposed

on distributions from the Settlement Fund.  The Receiver shall cause the

Settlement Fund to pay taxes in a manner consistent with treatment of the

Settlement Fund as a "Qualified Settlement Fund."  The Receivership Defendants

shall cooperate with the Receiver in fulfilling the Settlement Funds' obligations

under Treas. Reg. § 1.468B-2.

## X.  Investigate and Prosecute Claims

42.     Subject to the requirement, in Section VII above, that leave of this

Court is required to resume or commence certain litigation, the Receiver is

authorized, empowered and directed to investigate, prosecute, defend, intervene in

or otherwise participate in, compromise, and/or adjust actions in any state, federal

or foreign court or proceeding of any kind as may in his or her discretion, and in

consultation with SEC counsel, be advisable or proper to recover and/or conserve

Receivership Property.

43.     Subject to his or her obligation to expend receivership funds in a

reasonable and cost-effective manner, the Receiver is authorized, empowered and directed to investigate the manner in which the financial and business affairs of the Receivership Defendant were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order.  Where appropriate, the Receiver should provide prior notice to Counsel for the Commission before commencing investigations and/or actions.

44.    The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by Horizon Private Equity, III, LLC.

45.    The receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his or her Retained Personnel (as that term is defined below), and the Receivership Estate.

## XII.  <u>Bankruptcy Filing</u>

46.    The Receiver may seek authorization of this Court to file voluntary

**EXHIBIT B**

petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Defendant.  If the Receivership Defendant is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estate as, a debtor in possession.  In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity.  Pursuant to Paragraph 4 above, the Receiver is vested with management authority for the Receivership Defendant and may therefore file and manage a Chapter 11 petition.

47.     The provisions of Section VIII above bar any person or entity, other than the Receiver, from placing the Receivership Defendant in bankruptcy proceedings.

## XII.  <u>Liability of Receiver</u>

48.     Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his or her fiduciary obligations in this matter.

49.     The Receiver and his or her agents, acting within scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith

compliance with any order, rule, law, judgment, or decree. In no event shall the

Receiver or Retained Personnel be liable to anyone for their good faith compliance

with their duties and responsibilities as Receiver or Retained Personnel, nor shall

the Receiver or Retained Personnel be liable to anyone for any actions taken or

omitted by them except upon a finding by this Court that they acted or failed to act

as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of

their duties.

50.     This Court shall retain jurisdiction over any action filed against the

Receiver or Retained Personnel based upon acts or omissions committed in their

representative capacities.

51.     In the event the Receiver decides to resign, the Receiver shall first

give written notice of its intention to the Court and the parties as follows:

Counsel for the Commission
Harry B. Roback
robackh@sec.gov
M. Graham Loomis
loomism@sec.gov

Counsel for Defendant Woods
David M. Chaiken
david@chaiken.law
Steven D. Councill
scouncill@cgc-law.com

The resignation shall not be effective until the Court appoints a successor. The

**EXHIBIT B**
Page 22 of 28

Receiver shall then follow such instructions as the Court may provide.

## XIII.  Recommendations and Reports

52.    The Receiver is authorized, empowered and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Liquidation Plan").

53.    Within ninety (90) days of the entry date of this Order, the Receiver shall file the Liquidation Plan in the above-captioned action, with service copies to counsel of record.

54.    Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estate.

55.    The Quarterly Status Report shall contain the following:

A.    A summary of the operations of the Receiver;

B.    The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

**EXHIBIT B**
Page 23 of 28

C.    A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

D.    A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.    A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F.    A list of all known creditors with their addresses and the amounts of their claims;

G.    The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H.    The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

56.    On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

## XIV.   Fees, Expenses and Accountings

57.    Subject to Paragraphs 58 – 64 immediately below, the Receiver need

**EXHIBIT B**
Page 24 of 28

not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership.  Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

58.     Subject to Paragraph 59 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him or her in carrying out the duties and responsibilities described in this Order.  The Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

59.     The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estate as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver.  Such compensation shall require the prior approval of the Court.

60.     Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estate (the "Quarterly Fee Applications").  At least thirty (30) days prior to filing each Quarterly Fee Application

with the Court, the Receiver will serve upon counsel for the SEC a complete copy of

the proposed Application, together with all exhibits and relevant billing information in

a format to be provided by SEC staff.

61.   All Quarterly Fee Applications will be interim and will be subject to

cost benefit and final reviews at the close of the receivership.  At the close of the

receivership, the Receiver will file a final fee application, describing in detail the

costs and benefits associated with all litigation and other actions pursued by the

Receiver during the course of the receivership.

62.   Quarterly Fee Applications may be subject to a holdback in the

amount of 20% of the amount of fees and expenses for each application filed with

the Court.  The total amounts held back during the course of the receivership will

be paid out at the discretion of the Court as part of the final fee application

submitted at the close of the receivership.

63.   Each Quarterly Fee Application shall:

A.   Comply with the terms of the Billing Instructions agreed to by
the Receiver; and,

B.   Contain representations (in addition to the Certification
required by the Billing Instructions) that: (i) the fees and
expenses included therein were incurred in the best interests of
the Receivership Estate; and, (ii) with the exception of the
Billing Instructions, the Receiver has not entered into any
agreement, written or oral, express or implied, with any person
or entity concerning the amount of compensation paid or to be

**EXHIBIT B**
Page 26 of 28

paid from the Receivership Estate, or any sharing thereof.

64.     The Receiver shall prepare and present to this Court and to the

Commission an initial accounting of all funds received by the defendants pursuant to

the scheme described in the Commission's Complaint and of the disposition and use

of said proceeds (the "Initial Accounting"). The Initial Accounting shall include, but

not be limited to, identifying the name and address of each investor in Horizon

Private Equity, III, LLC from 2008 to the present; the amount each investor invested

in Horizon Private Equity, III, LLC and the dates of each investment; the total

amount received from investors in Horizon Private Equity, III, LLC; all amounts

returned to investors in Horizon Private Equity, III, LLC and the dates of each

interest payment or return of capital; and an explanation of what happened to any

investors funds that were not returned to investors to the extent practicable. The

Initial Accounting shall be submitted to this Court and served upon the Commission

within 90 days from the date of the entry of this Order. Should the Commission

consent and good cause exist, the Receiver shall have up to an additional 90 days to

complete the Initial Accounting without seeking leave of the Court, but any further

extensions shall require leave of the Court.

65.     At the close of the Receivership, the Receiver shall submit a Final

Accounting, in a format to be provided by SEC staff, as well as the Receiver's final

**EXHIBIT B**
Page 27 of 28

application for compensation and expense reimbursement.

66.     Nothing in this Order shall be construed as or require a waiver of any privilege or Constitutional right or protection held by any individual.

67.     Nothing in this Order shall be construed to prohibit requests to the Court to modify or amend this Order due to changed or unforeseen circumstances or for other reasons as the need may arise.

IT IS SO ORDERED, this 1st day of September 2021.


_____
STEVEN D. GRIMBERG
UNITED STATES DISTRICT JUDGE

**EXHIBIT B**
Page 28 of 28